IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY WHYTE                  *

    Petitioner,                *          Criminal No. RDB-10-0212

      v.                      *

                                                  Civil Action No. RDB-12-1141

UNITED STATES OF AMERICA       *

    Respondent.                *

*      *      *      *      *      *      *      *      *      *      *      *      *

## MEMORANDUM OPINION

On September 21, 2010, a jury convicted Petitioner Gregory Whyte ("Petitioner") of two drug-related charges. Thereafter, this Court sentenced Petitioner to concurrent terms of twenty-two (22) years imprisonment on those charges. On April 13, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 132) pursuant to 28 U.S.C. § 2255. The main contention in Petitioner's Motion is that Petitioner's trial counsel failed to communicate the government's offer of a plea bargain to Petitioner, thereby rendering ineffective assistance of counsel in violation of his Sixth Amendment rights. This Court held an evidentiary hearing on the matter on July 10, 2013, which was continued to and concluded on July 26, 2013. After the hearing, this Court permitted further briefing on the issue. For the reasons that follow, Petitioner Gregory Whyte's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 132) pursuant to 28 U.S.C. § 2255 is GRANTED, and Petitioner's sentence will be VACATED subject to re-sentencing.

## BACKGROUND

The facts of this case have been detailed at length elsewhere, including this Court's

April 16, 20013 Memorandum Opinion (ECF No. 142), so only a brief summary is included here. On April 27, 2010, a federal grand jury indicted Petitioner on charges of (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and (2) attempt to possess with intent to distribute cocaine, as well as aiding and abetting such conduct, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, respectively.[1]  *See* Indictment, ECF No. 1. The charges stemmed from an incident in May 2009, when Drug Enforcement Administration agents in Los Angeles uncovered a drug transaction in which a large shipment of cocaine was sent to Baltimore, Maryland. Pre-Sentencing Report 3. Whyte was identified as the leader and organizer of the transaction. *Id.* at 5.

On June 23, 2010, while Petitioner's case was pending, the Government contacted Petitioner's trial counsel, Ms. Marnitta King, and proposed a written plea offer. If accepted, the offer stipulated a sentence of ten (10) years, which would have allowed Petitioner to avoid the the enhanced mandatory minimum sentence of twenty (20) years under 21 U.S.C. § 851 due to Petitioner's previous felony drug convictions. The offer included an express expiration date of June 30, 2010. For reasons disputed by the parties, the plea offer was not accepted.

After a jury trial, Petitioner was convicted of both charges. *See* J. 1, ECF No. 90. On January 31, 2011, this Court sentenced Petitioner to concurrent terms of twenty-two (22) years imprisonment. *See id.* Thereafter, the Fourth Circuit affirmed Petitioner's convictions on direct appeal. *United States v. Whyte*, 460 F. App'x 236, 238 (4th Cir. 2012).

On April 13, 2012, Petitioner filed his petition for post-conviction relief pursuant to

---

[1] The indictment originally contained an additional count of attempted possession with intent to distribute (Count Two). On September 10, 2012, the court granted the parties' joint motion to sever Count Two, and the charge was eventually dismissed at sentencing.

28 U.S.C. § 2255. *See* Pet'r's Mot. Vacate, ECF No. 132. This Court held an evidentiary hearing on July 10, 2013 at which Marnitta King, Petitioner's trial counsel, testified. The evidentiary hearing was continued and completed on July 26, 2013, at which the Petitioner testified as well as Ms. King and several other witnesses.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (b) the court lacked "jurisdiction to impose the sentence, . . . [(c)] the sentence was in excess of the maximum authorized by law, or [(d) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

In order to state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.*

at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

It is well settled that the Sixth Amendment right to counsel applies at the critical stage of plea bargaining. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Padilla v. Kentucky*, 559 U.S. 356 (2010). "Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland." *See Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing Hill, 474 U.S. at 57). The Supreme Court has recently held that defense counsel has a duty to communicate to the defendant formal plea offers from the Government. *Id.* at 1408. Where a plea offer has lapsed or been rejected because of counsel's deficient performance, a Strickland ineffective assistance claim may lie if the defendant makes three showings. *Id.* at 1409. First, a defendant "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel. *Id.* Second, the defendant "must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Id.* Finally, to prove prejudice, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* (citing *Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance.")).

## DISCUSSION

The main question raised by Petitioner Gregory Whyte's Motion to Vacate is whether Petitioner's trial counsel, Marnitta King, ("Trial Counsel") communicated a June 23, 2010

plea offer to Petitioner. If Trial Counsel failed to communicate the offer to Petitioner and Petitioner suffered prejudice as a result, then counsel's performance was deficient for Sixth Amendment purposes. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012).

Both parties agree that the Government presented a written plea offer to Trial Counsel on June 23, 2010, which by its written terms would expire on June 30, 2010. Gov. Resp. 5, ECF No. 137. Petitioner testified that this plea offer was never communicated to him, and as a result, he was prejudiced. Pet'r's Mot. Vacate 4, ECF No. 132. In opposition, the Government argues that Trial Counsel conveyed the offer to Petitioner and that Petitioner has no justifiable grounds for relief.

At the hearing and in his subsequent filings, Petitioner offers a variety of arguments supporting his position. Petitioner testified that he did not become aware of the plea offer until he filed a Freedom of Information Act request with the U.S. Attorney's Office in July of 2011. *See* Pet'r's Br. Supp. Pet. 4, ECF No. 154; July 26 Hr'g Tr. 126:9-22. He argues that he promptly contacted his appellate counsel to discuss the issue, which Petitioner attempted to prove through appellate counsel's testimony and a letter from appellate counsel to Petitioner. *See* Pet'r's Br. Supp. Pet. 5; July 26 Hr'g Tr. 101:20-104:14. In addition, Petitioner introduced his visitation card from the Chesapeake Detention Facility, which reflected no vists from Trial Counsel between June 7, 2010 and July 27, 2010. *See* Pet'r's Br. Supp. Pet. 4; July 26 Hr'g Tr. 84:10-25.

In contrast, the Government offered the testimony of Trial Counsel, who stated that Petitioner repeatedly rejected the plea offer. Gov. Supplemental Resp. 6-7, ECF No. 156. Moreover, the Government argues that, despite the initial written plea offer, "the *terms* of the

offer continued to be available." Gov. Supplemental Resp. 8; *see also* July 26 Hr'g Tr. 45:14-46:1. In the Government's view, Petitioner neither intended nor desired to plead guilty, which the Government argues is demonstrated by Petitioner's past attempts to employ false and perjured evidence.[2] Gov. Supplemental Resp. 10-11. In support of this view, the Government offered the testimony of Drug Enforcement Administration Special Agent Alfred Cooke, who stated that he had observed conversations between Trial Counsel and the Government's counsel. In particular, Special Agent Cooke testified that in those conversations Trial Counsel was notified that the terms of the plea offer remained open; additionally, Special Agent Cooke testified that the attorneys discussed Petitioner's refusal to accept a plea deal. Gov.'s Supplemental Resp. 25-27; July 26 Hr'g Tr. 67:11-70:25.

Accordingly, this Court has conducted hearings and taken testimony in order to make a factual finding as to whether Trial Counsel advised Petitioner of the plea offer prior to trial. In addressing this factual question, this Court must also address two evidentiary issues raised by the Petitioner. First,[3] Petitioner argues that the Government should be bound by its statement in its original Response brief that only one plea offer was made and that that offer expired on June 30, 2010. *See* Pet'r's Br. Supp. Pet. 7-10. In addition, Petitioner argues that Special Agent Cooke's testimony regarding Trial Counsel's statements is inadmissible hearsay. *See* Pet'r's Br. Supp. Pet. 6-7.

---

[2] The Government refers to a purported recantation letter by the Government's main witness, Ronald Hamilton, and testimony from other individuals involved in the case who were prepared to impeach Hamilton. These issues were addressed in some detail both at trial and at the subsequent hearing on Petitioner's motions for new trial (ECF Nos. 57, 58, and 59.)

[3] Although Petitioner's brief presents his evidentiary arguments in the opposite order, this Court finds it more convenient to address them as indicated here.

a) U<span style="font-variant: small-caps">NDERLINE</span> APPLICABILITY OF THE JUDICIAL ADMISSIONS DOCTRINE

Petitioner argues that the Government should be bound by its statement in its original Response brief that the only plea offer expired on June 30, 2010.[4]  *See* Pet'r's Br. Supp. Pet. 7-10.  A "clear and unambiguous admission of fact made by a party's attorney" can bind that party.  *United States v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986) ("[A] clear and unambiguous admission of fact made by a party's attorney in an opening statement in a civil or criminal case is binding upon the party."); *see also Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact.").  In addition, under Federal Rule of Evidence 801(d)(2), a statement that is offered against an opposing party and that was made by a person whom the party authorized to make a statement on the subject is not hearsay and may be admissible as evidence.  FED. R. EVID. 801(d)(2); *see also United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1101-07 (D.N.M. 2012) (discussing law regarding admission of prior statements of a prosecutor and noting that several circuits have admitted such statements under Rule 801(d)(2)).

---

[4] Specifically, Petitioner points to the following passage from the Government's original Response Brief:

> A written plea offer was in fact presented to trial counsel the terms of which could be accepted within a limited time frame. By letter dated June 23, 2010, the government submitted a written plea offer to trial counsel. By its terms, the plea offer could be accepted only until June 30, 2010, after which its terms provided that it was deemed to be withdrawn. Following the expiration of the June 30, 2010 deadline, trial Counsel was contacted and informed that the offer was withdrawn.
> In response to Whyte's claim of ineffectiveness in regard to the plea offer, Ms. King has provided the attached affidavit confirming that the plea offer of June 23, 2010 (the only one ever communicated to counsel) was presented to Whyte and rejected.

Gov. Resp. 5.

The Government's brief indicated that (1) only one plea bargain was offered to Petitioner, *see* Gov. Resp. 5 (stating that the "June 23, 2010" plea offer was "the only one ever communicated to counsel"), and (2) that offer expired on June 30, 2010, *see id.* (stating that the offer expired June 30, 2010 and that the Government notified Trial Counsel that the offer was withdrawn). This Court may consider that statement in determining the factual question at issue in this case under Rule 801(d)(2). However, this Court will not bind the Government to those statements. To simply disregard the other, contrary testimony offered during the evidentiary hearing would require this Court to place greater emphasis on a party's representations rather than the evidence offered in court.[5]

b) <u>ADMISSIBILITY OF SPECIAL AGENT COOKE'S TESTIMONY</u>

At the hearing held on July 26, 2013, Special Agent Cooke testified that Petitioner's Trial Counsel told both the Government's counsel and Special Agent Cooke that she had reviewed the plea offer with Petitioner and that Petitioner had rejected the deal.[6] July 26

---

[5] Petitioner raises a second argument with respect to the Government's original statement regarding the duration of the plea offer; specifically, Petitioner argues that his due process rights have been violated because the Government has offered (or failed to correct) testimony that the Government knows to be false or factually inaccurate. *See* Pet'r's Br. Supp. Pet. 10. There is no indication that the Government intentionally offered false evidence or that it actually knew its evidence was incorrect. *See Napue v. Illinois*, 360 U.S. 264, 269 (1979); *Chander v. Lee*, 89 F. App'x 830, 835 (4th Cir. 2004) (unpublished). More importantly, the relief that Petitioner seeks will be granted by this Court; accordingly, there is no need to further address this issue here.

[6] The July 26 Hearing Transcript reflects:

> By Mr. Purcell:
>
> Q      Thank you. Now during the course of the pretrial proceedings, what was your understanding based – well, what was your understanding as to whether or not Mr. Whyte had an opportunity to continue to plead guilty prior to trial?
>
> A      My understanding was he had the opportunity to plead guilty prior to trial.

Hr'g Tr. 67:11-70:25. Petitioner moved to strike this testimony as inadmissible hearsay. *See* Pet'r's Br. Supp. Pet. 6-7. Specifically, Petitioner argues that Special Agent Cooke's statements are inadmissible under Federal Rule of Evidence 801(d)(1)(B).

Rule 801(d)(1)(B) provides that a statement is not hearsay if the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence of motive in so testifying." FED. R. EVID. 801(d)(1)(B). In Petitioner's view, Special Agent Cooke's testimony with respect to Trial Counsel's representations fails to satisfy this standard because the statement was not made before the motive to fabricate arose. *See* Pet'r's Br. Supp. Pet. 7. Specifically, Petitioner points to the fact that the meetings that Special Agent Cooke described all occurred after June 30, 2010, which was the expiration date of the plea offer. The Government, however, argues that there was no reason to

---

Q      Directing your attention to August 27, 2010, what was your understanding as to whether he had an opportunity to plead guilty even at that point, which, for the record, is the motions hearing date?

A      Again, that day, he had an opportunity to plead guilty.

Q      Let me ask you, as to that day, do you remember anything specifically occuring in relation to providing information to Mr. Whyte that he considered in relation to the government's plea offer?

A      Mr., and I was here present in the courtroom that day, Mr. Purcell provided to Mr. Whyte at the table Mr. Ronald Hamilton's grand jury testimony, and Mr. Hamilton was going to be one of our witnesses in this case.

. . .

Q      Do you recall my having any coversations with his attorney, like essentially why isn't this guy pleading?

A      Yes, exactly.

July 26 Hr'g Tr. 67:11-68:7; 69:16-19.

fabricate at the time of those meetings because the plea offer remained open. *See* Gov. Supplemental Resp. 26. Thus, in order to resolve the applicability of Rule 801(d)(1)(B), this Court must determine whether the Petitioner could have accepted the plea offer after June 30, 2010 under Rule 104(a). *See United States v. Vest*, 842 F.2d 1319, 1330 (1st Cir. 1988) (stating that the factual question whether a statement was made after the declarant acquired an improper influence or motive is to be determined by the trial court under Rule 104(a)).

At the hearing, Petitioner specifically testified that he was never advised of the plea offer, which expired on June 30, 2010. *See* July 26 Hr'g Tr. 126:3-8; *see also* Plea Agreement, Gov.'s July 26 Hr'g Ex. H3. In addition, Assistant U.S. Attorney Purcell's July 7, 2010 letters suggested the plea was withdrawn. *See* Def.'s Mot. Vacate Ex. A. (letter from AUSA Purcell to Trial Counsel stating that terms of the June 23, 2010 plea agreement were "withdrawn"; that AUSA Purcell "regret[ed] that [Trial Counsel] did not take advantage of the terms" of the plea offer; and that he "only hope[d] that they were at least presented to [Petitioner] for his consideration");[7] Def.'s July 26 Hr'g Ex. 2 (letter to this Court stating that a draft plea agreement with a "deadline" triggering the filing of enhancements had gone "unanswered"). These documents comport with Petitioner's testimony on direct as well as the Government's representations in their original Response brief. *See* Gov.'s Resp., ECF No. 137.

The only evidence proffered by the Government that the plea offer remained available after June 30, 2010 was the testimony of Special Agent Cooke. While this Court finds Special Agent Cooke to be a credible witness, it is important to note that he testified with respect to conversations between Government Counsel and Trial Counsel which he

---

[7] This Court notes the concern that Government Counsel had with Trial Counsel's lack of communication of any response to the plea offer. This concern that the plea offer was "at least presented to" Petitioner has proven to have been justified.

overheard.  The record clearly reflects that Special Agent Cooke did not and could not testify that the Defendant was present during those discussions prior to trial.  Any suggestion that the Petitioner was actually privy to those discussions is contradicted by the other documentary evidence and conflicts with the Government's earlier representation.

In light of the evidence in this matter, this Court makes a factual finding that the plea offer expired on June 30, 2010.  As such, Trial Counsel's ineffective representation had already occurred at the time of the August 27, 2010 motions hearing, and she therefore had a reason to cover up her mistake.  Accordingly, this Court finds that Special Agent Cooke's testimony with respect to Trial Counsel's statements that Petitioner had rejected the plea deal is not a proper non-hearsay consistent statement under Rule 801(d)(1)(B).

c)  INNEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

To establish a claim of ineffective assistance of counsel, Petitioner must prove both elements of the test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  First, Petitioner must establish that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688.  Second, Petitioner must show that counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687.  To establish this level of prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  For the reasons that follow, this Court finds that Petitioner has satisfied this standard and will therefore vacate Petitioner's sentence, and schedule this case for resentencing.

1)  *Trial Counsel's Performance*

As established in *Missouri v. Frye*, Trial Counsel's performance fell below an objective standard of reasonableness if she failed to communicate the plea offer before it expired.  132 S. Ct. at 1408.  Thus, the main issue before this Court is whether Trial Counsel in fact notified Petitioner of the plea offer before it expired.  Both Petitioner and Trial Counsel testified during the hearing held by this Court.  In addition, both sides offered corroborating evidence in order to bolster their various positions.  Petitioner's appellate counsel, Erek Barron, ("Barron") testified to his communications with Petitioner after Petitioner's Freedom of Information Act inquiry.  In addition, Petitioner entered a letter dated July 22, 2011 from Barron to Petitioner that reflected Petitioner's desire to raise Trial Counsel's failure to disclose the plea deal as an issue in his direct appeal to the Fourth Circuit.  *See* Def.'s July 26 Hr'g Ex. 3.  In order to corroborate Trial Counsel's testimony, the Government offered the testimony of Special Agent Cooke, who was present at several meetings between the lawyers.  In addition, the Court required Trial Counsel's file to be produced to this Court for *in camera* review.[8]  *See* July 10 Hr'g Tr. 37:21-23; July 26 Hr'g Tr. 34:15-20, 36:6-14.

After considering the evidence and reviewing Trial Counsel's file, this Court finds Petitioner has met his burden of showing deficient performance.  The documentary evidence

---

[8] Trial Counsel's file for Petitioner's case was a point of some contention at the hearing.  Barron testified that the file contained all of the same materials that it did when he received it.  July 26 Hr'g Tr. 97:19-98:24.  Trial counsel, on the other hand, suggested that she had originally provided two boxes of files, but that only one was produced at the hearing; however, she was unable to identify any missing materials.  July 26 Hr'g Tr. 36:25-39:25.  In light of (1) Barron's testimony that the box contains the complete file, (2) Trial Counsel's inability to identify any documents that were missing from the box, and (3) Trial Counsel's failure to maintain any back-up copy of her documents, this Court finds that the box contains all of Trial Counsel's files with respect to Petitioner's case.

indicates that only one plea offer was made and that offer was withdrawn after June 30, 2010. *See* Plea Agreement, Gov.'s July 26 Hr'g Ex. H3; Letter from AUSA to Court, July 7, 2010, Pet'r's July 26 Hr'g Ex. 2. Furthermore, this Court finds that this plea offer was never communicated to the Petitioner even after June 30, 2010 or on the day of trial.

In addition to Petitioner's own testimony on this point, the documentary evidence indicates a failure to inform him of the plea offer in this case. The logs of attorney visits at the Chesapeake Detention Facility do not reflect any visits by Trial Counsel to Petitioner during the period that the plea offer was open. *See* Def.'s July 26 Hr'g Ex. 4. Indeed, the card only reflects pre-trial visits on June 7, 2010 (prior to extension of the plea offer), and then again on July 27, August 26, and September 10 of 2010 (all after the plea offer had lapsed).[9] *See id.* Although Trial Counsel testified that she informed Petitioner, this Court does not find her credible on that point. Even if Special Agent Cooke's testimony was not inadmissible hearsay, his testimony would not corroborate Trial Counsel's testimony. He could only offer testimony as to conversations between Trial Counsel and Government Counsel and not with respect to any direct conversations with Petitioner.

Moreover, after a thorough review of Trial Counsel's complete file *in camera* (Court Ex. 1), this Court has been unable to identify a single note describing any communication of the plea agreement to Petitioner. Trial Counsel's file provides little evidence of contact with her client. In fact, the file contains only three documents requesting visits with her client— for visits on June 5, 2010, August 26, 2010, and January 3, 2011—which do not correlate with the time the plea offer was available. The only other potentially relevant document is

---

[9] The only additional visits listed on the card are dated September 30 and October 4 of 2010—after the jury's verdict on September 21, 2010.

an undated, hand-written draft of a letter detailing Trial Counsel's alleged problems when trying to visit her client. Indeed, this draft letter provides further indication of Trial Counsel's failure to communicate with her client, regardless of the reason. In light of the complete absence in Trial Counsel's file of any evidence even hinting that the plea offer was relayed to Petitioner, this Court concludes that Trial Counsel's performance was deficient. Specifically, this Court finds Trial Counsel's testimony not credible and finds as a matter of fact that the plea offer was not communicated to the Petitioner.

2) *Prejudice to Petitioner*

In *Missouri v. Frye*, the Supreme Court clarified how the prejudice prong applies in cases involving expired plea offers:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. Cf. *Glover v. United States*, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed.2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

132 S. Ct. 1399, 1409.

At the hearing, Petitioner testified that he would have accepted the plea offer had he been made aware of it. July 26 Hr'g Tr. 129: 20-23. In opposition, the Government makes two main arguments. First, it argues that Petitioner never desired to plead guilty, pointing to

(1) Trial Counsel's testimony that Petitioner had stated that the Government's witnesses would not testify as the Government thought, (2) Petitioner's subsequent attempts to procure false evidence of recantation; and (3) Petitioner's continued characterization of Hamilton's testimony as false. *See* Gov. Supp. Resp. 18-25, 28. Second, the Government argues that, due to Petitioner's attempts to obstruct justice with respect to the false recantation letter, Petitioner cannot demonstrate a reasonable probability that the plea would not have been cancelled. *See* Gov. Supp. Resp. 28-29. The Government maintains that the draft plea agreement provided for the Government's release from the agreement if Petitioner obstructed justice. *See* Gov. Supplemental Resp. 28 n.17; *see also* Draft Plea Agreement ¶ 12, Gov.'s Hr'g Ex. H3.

Despite the Government's arguments, this Court finds that Petitioner has demonstrated a reasonable probability that he would have accepted the Government's June 23, 2010 plea offer. Petitioner offered direct testimony to that effect. The Government's arguments with respect to Petitioner's attempts to pervert the judicial process are of no moment in this particular matter because those events occurred after the plea offer lapsed. Any alleged efforts at obstruction of justice on the eve of trial do not vitiate the ineffective assistance of counsel in failing to communicate a plea offer to the Petitioner. Therefore, Petitioner proceeded to trial, and as the result of the filing of an § 851 notice (ECF No. 27),[10] faced a mandatory minimum sentence upon conviction of twenty years imprisonment and not ten years. Thus, because Petitioner was denied the benefit of the plea offer and instead received a twenty-two year sentence, Petitioner suffered prejudice from Trial

---

[10] As a result of the Government filing a pre-trial notice for sentence enhancement pursuant 21 U.S.C. § 851, the Petitioner faced a mandatory minimum term of imprisonment of twenty years as opposed to ten years pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851.

Counsel's ineffective representation. *See Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance.").

*    *    *

Because this Court finds that Trial Counsel offered ineffective assistance of counsel by failing to communicate the plea offer to Petitioner, this Court vacates Petitioner's sentence and will resentence Petitioner according to the terms of the plea offer. The Petitioner's total offense level is thirty-one (31) and Petitioner has a criminal history category of III. This calls for a guideline sentence range of one hundred thirty-five (135) to one hundred sixty-eight (168) months imprisonment with a mandatory minimum sentence of ten years.

## CONCLUSION

For the foregoing reasons, Petitioner Gregory Whyte's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 132) is GRANTED, and Petitioner's sentence is VACATED. The parties should confer and contact chambers to schedule a date for Petitioner's re-sentencing.


A separate Order follows.

Dated:      January 24, 2014

                                        _____/s/_____
                                        Richard D. Bennett
                                        United States District Judge